# Exhibit A

Case 8:23-cv-01584 Document 1-1 Filed 08/23/23 Page 2 of 20 Page ID #:8
Electronically Filed by Superior Court of California, County of Orange, 07/21/2023 11:52:10 AM.
30-2023-01337872-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

MARDEN LAW, INC.
Ryan K. Marden (SBN 217709)
18012 Cowan, Suite 200
Irvine, CA 92614
Tel: (714) 822-4450
Email: rmarden@marden-law.com

Attorney for Plaintiff
GIGI A. MCDONALD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| GIGI A. MCDONALD,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 30-2023-01337872-CU-BC-CJC<br><br>**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT-BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT-BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF SONG-BEVERLY ACT-SECTION 1793.2**<br>4. **FRAUD**<br>5. **VIOLATION OF BUSINESS & PROFESSIONS CODE 17200**<br>Assigned for All Purposes<br>Judge Stephanie George |

PLAINTIFF GIGI A. MCDONALD (hereinafter referred to as "PLAINTIFF") hereby alleges as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION:**

1. Plaintiff is an individual residing in the City of RIVERSIDE, County of RIVERSIDE, and the State of CALIFORNIA.

---
COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
1

7

2. PLAINTIFF is informed and believes, and thereon alleges, Defendant GENERAL MOTORS, LLC is registered to do business in the State of CALIFORNIA.

3. Defendant is and was a limited liability company, doing business in the State of California.

4. These causes of action arise out of the warranty and repair obligations of GENERAL MOTORS in connection with a vehicle purchased by PLAINTIFF and for which GENERAL MOTORS issued a written warranty.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sue these Defendants by such fictitious names, and PLAINTIFF will seek leave to amend this Complaint to set forth their true names and capacities when ascertained. PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to PLAINTIFF as herein alleged.

6. PLAINTIFF is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. PLAINTIFF is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or. employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

7. PLAINTIFF is informed and believes, and thereon alleges, that Defendants GENERAL MOTORS and/or DOES 1 through 10, inclusive, and each of them (hereinafter individually and collectively referred to as the "GENERAL MOTORS"), manufactured and/or distributed, in the United States and the State of California, a consumer good identified as a 2020 CHEVROLET BOLT, VIN: 1G1FZ6S04L4108546 (hereinafter referred to as the

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

"SUBJECT VEHICLE"), for its eventual sale to retail buyers.

8.  At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790 et seq. (hereinafter referred to as the "ACT"), in that said SUBJECT VEHICLE was a new motor vehicle purchased with the GENERAL MOTORS' new car warranty.

9.  On or about JANUARY 04, 2020, PLAINTIFF acquired the SUBJECT VEHICLE for personal, family, and/or household purposes, from an authorized dealer and agent of GENERAL MOTORS and/or DOES 1 through 10, inclusive, and each of them, retail merchants authorized by GENERAL MOTORS to do business in the State of California on behalf of GENERAL MOTORS.

10.  The SUBJECT VEHICLE was sold to PLAINTIFF with express warranties that the SUBJECT VEHICLE would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the SUBJECT VEHICLE had defects, GENERAL MOTORS would repair the defects.

11.  GENERAL MOTORS impliedly warranted that the SUBJECT VEHICLE would be of the same quality as similar vehicles sold in the trade and that the SUBJECT VEHICLE would be fit for the ordinary purposes for which similar vehicles are used.

12.  PLAINTIFF duly performed all the conditions on his part under the purchase contract and under each of the express warranties referenced above, except insofar as the acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or excused such performance.

13.  On each occasion on which the SUBJECT VEHICLE exhibited defects, non-conformities, misadjustments, or malfunctions, as hereinabove described, PLAINTIFF notified GENERAL MOTORS, through or one of GENERAL MOTORS' other authorized service and repair facilities, within a reasonable time after PLAINTIFF's discovery thereof. On each

occasion of notification, PLAINTIFF attempted to invoke the applicable warranties, demanding that the authorized repair facilities repair such nonconformities pursuant to the warranties.

14. On each such occasion, Defendants, and each of them, represented to PLAINTIFF that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE However, Defendants, and each of them, failed to make the SUBJECT VEHICLE conform to the applicable warranties, despite a reasonable number of attempts to do so.

15. PLAINTIFF discovered that Defendants, and each of them, were unable or unwilling to make the SUBJECT VEHICLE conform to the applicable warranties.

16. Defendant GENERAL MOTORS falsely represented that the subject vehicle is safe and functional for normal use. However, the subject vehicle is not safe or functional because the batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining mileage. The vehicle also cannot be parked inside overnight due to fire risk.

17. Defendant GENERAL MOTORS marketed the subject vehicle in a false and misleading manner by advertising it as safe and function. The vehicle is neither safe nor functional for normal use due to the presence of defective and dangerous lithium-ion battery modules.

18. In 2021, Defendant GENERAL MOTORS issued a recall notice for the subject vehicle, stating that its batteries may ignite when nearing a full charge. Defendant GENERAL MOTORS warned Plaintiff that the vehicle's charge should not exceed 90%, the battery mileage should not fall below seventy (70) miles remaining, and the vehicle should not be \ parked indoors overnight.

19. This battery defect presents a significant safety risk for Plaintiff because of the inherent risk that the batteries may ignite when nearing full charge. Due to the battery defect and risk of fire, Plaintiff is forced to make unforeseen accommodations and take precautions that interfere

---

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

4

with their normal and expected use of the vehicle.

20. Plaintiff has suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein.

21. Defendant GENERAL MOTORS is one of the largest auto manufacturers in the world and is an industry leader in EV sales.

22. The safety and functionality of a vehicle is material to any consumer seeking to purchase that vehicle.

23. Defendant GENERAL MOTORS undertook a marketing strategy that advertises a competitive mileage capacity (at or about 259 miles electric range on a full charge to convey that consumers, such as Plaintiff, are receiving and electric vehicle that is able to maintain battery life for long distances. Such representations constitute an express warranty regarding the vehicle's capabilities.

24. Based on Defendant's advertising, Plaintiff believed that they were purchasing a vehicle that was functional and safe.

25. Plaintiff could not have reasonably understood or expected these representations to be untrue at the time of acquisition.

26. Plaintiff expected the vehicle to meet the stated long-range mileage capacity and battery usage.

27. Defendant GENERAL MOTORS issued a recall notice, stating that the batteries may ignite when nearing a full charge. Specifically, Defendant warned that the vehicle's charge should not exceed 90%, the battery mileage should not fall below seventy (70) miles remaining, and the vehicle should not be parked indoors overnight due to the risk of fire.

28. Defendant GENERAL MOTORS falsely represents the safety of the vehicle as well as the expected battery usage and mileage capacity of the vehicle. The marketing material for the vehicle leads the reasonable consumer to believe he or she is purchasing an environmentally friendly vehicle that functions as a long-range vehicle, when, in reality they cannot charge the

---

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
5

vehicles to their full battery capacity or drive the vehicle for long distances due to fear of falling below seventy (70) miles remaining on a single charge.

29. Plaintiff expected to use the vehicle without the fear of the vehicle igniting and causing serious bodily harm or death.

30. Plaintiff has been forced to make unforeseen accommodations and take precautions that interfere with their normal and expected use of the vehicle.

31. As a result, Plaintiff's use and enjoyment of the vehicle has been severely limited. Instead of utilizing the vehicle, or even saving money due to the vehicle being electric, Plaintiff is forced to use other vehicles instead, spend more money on gas charges, and substantially limit the use of the vehicle.

32. Due to the fact that Plaintiff cannot charge the vehicle overnight and instead must resort to sporadic charging times, the charge is severely limited and thus, his ability to use the vehicle is severely limited.

33. Plaintiff has suffered constant anxiety and loss of sleep as a direct result of the risk the vehicle may spontaneously ignite.

34. Plaintiff would not have bought the vehicle if they had known it was neither safe nor functioned as advertised, based on Defendant's standards for normal use. Plaintiff would like to use the vehicle as intended without limitation.

## FIRST CAUSE OF ACTION

Violation of the Song-Beverly Act - Breach of Express Warranty (Against Defendants GENERAL MOTORS US, LLC and DOES 1 through 10, Inclusive)

35. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as though fully set forth herein.

36. The actions of GENERAL MOTORS and Doe Defendants, and each of them, in failing to perform the proper repairs, parts replacements, and/or adjustments to make the SUBJECT

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

6

VEHICLE conform to the applicable express warranties constitute a breach of the express warranties that GENERAL MOTORS provided to PLAINTIFF, thereby breaching GENERAL MOTORS and Doe Defendants' obligations under the ACT.

37. As the result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and pursuant to the provisions of the ACT, PLAINTIFF is entitled to replacement of the SUBJECT VEHICLE, or restitution of the amount actually paid or payable under the contract, at PLAINTIFF's option, plus prejudgment interest thereon at the legal rate. PLAINTIFF will seek leave of the Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when ascertained.

38. As a further result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and pursuant to the ACT, PLAINTIFF has sustained and is entitled to incidental damages in an amount yet to be determined, plus interest thereon at the legal rate. PLAINTIFF will seek leave of the Court to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

39. As a further result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and pursuant to the ACT, PLAINTIFF has sustained and is entitled to consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. PLAINTIFF will seek leave of the Court to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

40. GENERAL MOTORS and Doe Defendants, and each of them, failed to perform the necessary repairs or service in a good and workmanlike manner. The actions taken by GENERAL MOTORS and Doe Defendants, and each of them, were insufficient to make the SUBJECT VEHICLE conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of GENERAL MOTORS and Doe Defendants' obligations under the ACT.

41. Although GENERAL MOTORS and Doe Defendants, and each of them, were unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties

after a reasonable number of attempts, GENERAL MOTORS and Doe Defendants failed to replace the SUBJECT VEHICLE or make restitution to PLAINTIFF in accordance with the ACT.

42. GENERAL MOTORS and Doe Defendants, and each of them, knew of their obligations under the ACT but intentionally failed or declined to fulfill them.

43. The failure of GENERAL MOTORS and Doe Defendants, and each of them, to make the SUBJECT VEHICLE conform to the applicable express warranties was willful, justifying an award of a Civil Penalty as provided in the ACT in an amount not to exceed two (2) times PLAINTIFF's actual damages.

44. The failure of GENERAL MOTORS and Doe Defendants, and each of them, to replace the SUBJECT VEHICLE or make restitution to PLAINTIFF was willful, justifying an award of a civil penalty as provided in the ACT in an amount not to exceed two (2) times PLAINTIFF's actual damages.

45. GENERAL MOTORS and Doe Defendants, and each of them, knew of their obligations under the ACT, but, nevertheless, defendants and each of them have had a reasonable number of attempts to repair, have failed to make the SUBJECT VEHICLE conform to its warranty and have failed to replace the SUBJECT VEHICLE or reimburse PLAINTIFF in amount equal to the purchase price, less PLAINTIFF's use of the SUBJECT VEHICLE, according to the mandates of the ACT. The failure of GENERAL MOTORS and Doe Defendants, and each of them, to refund the consideration paid and payable, or to replace the SUBJECT VEHJCLE with a similar vehicle free from defects, was willful and justifies an award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual damages, as provided in the ACT.

46. As a direct result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and in pursuing PLAfNTJFF's claim, it was necessary for PLAINTIFF to retain legal counsel. Pursuant to the ACT, PLAINTIFF is entitled to the recovery of attorneys'

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
8

fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## SECOND CAUSE OF ACTION

Violation of the Song-Beverly Act - Breach of Implied Warranty (Against Defendants GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

47. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

48. At the time that GENERAL MOTORS distributed the SUBJECT VEHICLE into commerce, and at the time that PLAINTIFF acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

49. The SUBJECT VEHICLE was not merchantable, as evidenced by the defects, non-conformities, maladjustments, and/or malfunctions as hereinabove alleged.

50. As the result of the actions of Defendants, and each of them, PLAINTIFF has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate. PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount thereof when ascertained.

51. As a further result of the actions of Defendants, and each of them, PLAINTIFF has sustained incidental damages in an amount yet to be determined, plus interest thereon at the legal rate. PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

52. As a further result of the actions of Defendants, and each of them, PLAINTIFF has sustained consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

53. The failure of Defendants, and each of them, to refund the consideration paid and payable, or to replace the SUBJECT VEHICLE with a similar vehicle free from defects, justifies an award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual damages, as provided in the ACT.

54. As a direct result of the actions of Defendants, and each of them, and in pursuing PLAINTIFF's claim, it was necessary for PLAINTIFF to retain legal counsel. Pursuant to the ACT, PLAINTIFF is entitled to the recovery of attorneys' fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## THIRD CAUSE OF ACTION

Violation of the Song-Beverly Act - Section 1793.2

(Against Defendants GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

55. PLAINTIFF incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

56. Pursuant to the Act, Civil Code section 1793.2, subdivision (a), a GENERAL MOTORS that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authoi_-ize independent service and repair facilities to carry out the terms of those warranties.

57. Pursuant to the Act, Civil Code section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform to the applicable express warranties, service and repair shall be commenced within a reasonable time by the GENERAL MOTORS or its representative.

58. Pursuant to the Act, Civil Code section 1793.2, subdivision (b), goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

59. PLAINTIFF delivered the SUBJECT VEHICLE to GENERAL MOTORS and its authorized repair facilities for repair of the nonconformities.

60. Defendant GENERAL MOTORS and/or DOES 1 through 10, through its authorized repair facilities, was unable to conform the SUBJECT VEHICLE to the applicable express warranties within 30 days.

61. Notwithstanding PLAINTIFF's entitlement, Defendant GENERAL MOTORS and/or DOES 1 through 10 has failed to either promptly replace or repurchase the SUBJECT VEHICLE in accordance with the Act.

62. By failure of Defendant GENERAL MOTORS and/or DOES 1 through 10 to remedy the defects as alleged above, or to repurchase or replace the SUBJECT VEHICLE, Defendant GENERAL MOTORS and/or DOES 1 through 30 is in breach of its obligations under the Act.

63. Under the Act, PLAINTIFF is entitled to damages pursuant to Civil Code section 1794, et seq.

64. PLAINTIFF is entitled to recover all incidental and consequential damages pursuant to 1794 et seq. and Commercial Code, sections 2714 and 2715, et seq.

65. PLAINTIFF is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

66. PLAINTIFF is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for GENERAL MOTORS's willful failure to comply with its responsibilities under the Act..

67. PLAINTIFF is entitled to prejudgment interest pursuant to Civil Code section 3287.

## FOURTH CAUSE OF ACTION

Fraud (Against Defendants GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

68. PLAINTIFF incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

**Affirmative Misrepresentation**

69. Defendant GENERAL MOTORS willfully, falsely, and knowingly marketed the subject vehicle as having the range capability to reach 259-miles on a full charge. Through this deceptive marketing, Defendant communicated to Plaintiff that the vehicle was, among other things, environmentally friendly and capable of long-range use.

70. This was a material fact, as mileage range is essential to the reasonable consumer's decision-making process. Defendant's representations were false because the vehicle in fact contains a lithium-ion battery that causes the vehicle to overheat during prolonged use, resulting in a substantial reduction in the range capability of the vehicle.

71. Defendant GENERAL MOTORS knew the representations were false and intended Plaintiff to rely on them.

72. Plaintiff decided to buy the vehicle based in part on the false and misleading representations described herein. Defendant's mileage range advertisements were part of an extensive advertising campaign, and Plaintiff was exposed to the advertisements.

Fraudulent Concealment: Mileage Range and Battery Safety

73. Again, Defendant marketed the vehicle as having the range capability to reach 259-miles on a full charge, which not only communicated that the vehicle was environmentally friendly, but also that it was capable of long-range use.

74. The mileage range was also the centerpiece of Defendant's marketing efforts and featured prominently in virtually every advertisement and consumer communication. Through dealership training materials leading to representations at the point of sale, vehicle

brochures, the manufacturer websites, print advertisements, television advertisements, and other avenues, Defendant pervasively and consistently represented that the vehicle had the best-in-class fuel economy and touted its specific mileage range on a single charge, as well as its supposedly superior battery, that was presumably safe.

75. Defendant concealed and suppressed the fact that the vehicle could not achieve its expected range and safety due to the overheating battery. Instead, Plaintiff would only be able to charge the vehicle to 90% and use the vehicle only if the use did not exceed 70 miles remaining. This was a material fact about which the Defendant had knowledge, and which it concealed from Plaintiff to mislead them.

76. Knowledge and information regarding the vehicle's defects were in the exclusive and superior possession of Defendant and their dealers, and were not provided to Plaintiff, who could not reasonably discover the defect through due diligence.

77. Plaintiff did not know this fact and could not have discovered it through reasonably diligent investigation.

78. Defendant had a duty to disclose that the battery in the vehicle is unsafe at the point of purchase because (1) Defendant had exclusive knowledge of the material, suppressed facts; (2) Defendant took affirmative actions to conceal the material facts; and (3) Defendant made partial representations about the mileage range, battery safety, and performance of the vehicle that were misleading without disclosure of the fact that the vehicle contained unsafe batteries that caused the vehicle to overheat and pose a risk of fire.

79. Defendant intended for Plaintiff to rely on these representations, as evidenced by Defendant's advertising which stresses the "259-mi" range of each vehicle.

80. Plaintiff decided to buy the vehicle based in substantial part on the representations communicated through the Defendant's marketing material.

81. Plaintiff has reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the vehicle and, had they known the truth, they would not have purchased the vehicle or would have paid significantly less for the vehicle.

82. Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff has suffered injury in fact.

### FIFTH CAUSE OF ACTION

Violation of Business & Professions Code Section 17200 (Against Defendants GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

83. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

84. Defendant advertised the vehicle as having a leading electric vehicle mileage capacity of 259 miles per full charge. However, the vehicle is not capable of meeting this mileage expectation, due to the battery condition. This misrepresentation is proven by Defendant's recall notice(s) sent out to Plaintiff warning them to not to exceed 90% of the mileage capability, approximately 233 miles to the charge. Moreover, Plaintiff was informed not to allow the vehicles' charge to fall below 70 miles. Lastly, Plaintiff was warned not to park the vehicle indoors overnight due to concerns that the battery may catch on fire.

85. These restrictions significantly infringe upon Plaintiff's use of the vehicle and present serious safety concerns. Had Plaintiff known of these safety issues and use limitations a month prior, he would not have purchased the vehicle.

86. The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

A. "Unfair Prong"

87. Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided

---

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

14

to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

88. Defendant's action of using a defective battery in the vehicle did not confer any benefit to Plaintiff.

89. Defendant's action of using a defective battery in the vehicle causes injuries to consumers, like Plaintiff, who cannot use their vehicle commensurate with their reasonable expectations.

90. Defendant's action of using a defective battery in the vehicle causes injuries to Plaintiff, who cannot park their vehicle commensurate with their reasonable expectations.

91. Defendant's action of using a defective battery in the vehicle causes injuries to Plaintiff, who ended up overpaying for the vehicle and receiving a quality of vehicle less than what they expected to receive.

92. Plaintiff cannot avoid any of the injuries caused by the defective battery in the vehicle.

93. Accordingly, the injuries caused by Defendant's use of the defective battery in the vehicle outweigh any benefits.

94. Here, Defendant's conduct of using the defective battery in the vehicle has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

95. As alleged herein, the misrepresentations by Defendant detailed above constitute an unfair practice that poses a threatening impact on competition within the meaning of California Business and Professions Code Section 17200.

96. Defendant's marketing of the vehicle, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

97. Defendant knew or should have known of their unfair conduct.

98. There existed reasonably available alternatives to further Defendant's legitimate

business interests, other than the conduct alleged herein. Defendant could have used a battery appropriate for the vehicle.

99. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

100. Plaintiff has suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this vehicle. Plaintiff would not have purchased the vehicle if they had known that the vehicle contained a defective, unsafe battery.

### B. "Fraudulent" Prong

101. California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

102. Defendant's conduct of using a defective battery at the point of sale without notifying prospective consumers that the battery is unsafe, is likely to deceive members of the public.

103. Defendant's conduct of advertising a battery range of 259 miles is fraudulent and likely to deceive members of the public.

104. Defendant's use of a defective battery, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

105. Defendant knew or should have known of their fraudulent conduct.

106. As alleged herein, the misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

107. Defendant had reasonably available alternatives to further its legitimate business interests other than the conduct described herein. Defendant could have used a battery

appropriate for the quality and safety of the vehicle.

108. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

109. Plaintiff has suffered injury in fact and has lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for this vehicle. Plaintiff would not have purchased the vehicle if she had known that the battery unsafe and unfit for normal use.

**C. "Unlawful" Prong**

110. Defendant's use of a defective battery, as alleged in the preceding paragraphs, violates California Business and Professions Code Section 17500, *et. seq.*

111. Defendant's use of a defective battery, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

112. Defendant knew or should have known of its unlawful conduct.

113. As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

114. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct alleged herein. Defendant could have used a battery appropriate for the quality and safety of the vehicle.

115. All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

116. Plaintiff has suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this vehicle unfit for normal use.

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
17

117. Plaintiff would like to use the vehicle as intended without limitation; however, Defendant has not yet even advised Plaintiff when the recall can be fixed, resulting in Plaintiff's significantly diminished use and enjoyment of the vehicle.

118. As a result of the business acts and practices described above, Plaintiff, pursuant to § 17203, is entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the vehicle as a result of the wrongful conduct of Defendant.

119. Pursuant to Civil Code § 3287(a), Plaintiff is entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff is entitled to interest in an amount according to proof.

120. Plaintiff has suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's misrepresentations and their concealment of and failure to disclose material information. Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff seeks an order enjoining Defendant's unfair and/or deceptive acts or practices, any such orders or judgments as may be necessary to restore to Plaintiff any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §§ 17203 and 3345, and any other just and proper relief available under the California UCL.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

**PRAYER FOR RELIEF**

a. For general, special and actual damages according to proof at trial;

b. For rescission of the purchase contract and restitution of all monies expended;

c. For compensatory damages; for diminution in value;

---

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
18

d.  For incidental and consequential damages according to proof at trial;

e.  For civil penalty in the amount of two times PLAINTIFF's actual, incidental, and consequential damages;

f.  For exemplary or punitive damages on the Fourth Cause of Action for fraud;

g.  Restitution and/or disgorgement in an amount to be determined at trial;

h.  For prejudgment interest at the legal rate of 10% per annum;

i.  For actual attorney's fees and costs of suit; and

j.  For such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 20, 2023                              **MARDEN LAW, INC.**

_____
RYAN K. MARDEN
Attorney for Plaintiff

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
19