UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GIGI A. MCDONALD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS, LLC and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | Case No.: SACV 23-01584-CJC (DFMx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 18] AND GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 12] WITH LEAVE TO AMEND |

## I.　INTRODUCTION & BACKGROUND

　　Plaintiff Gigi A. McDonald filed this case in state court alleging that Defendant General Motors, LLC ("GM") failed to disclose a risk of battery fire with a Chevrolet Bolt she purchased in January 2020. (Dkt. 1-1 [Complaint, hereinafter "Compl."] ¶¶ 7, 9.) Specifically, Plaintiff alleges that GM "falsely represented that the subject vehicle is safe and functional for normal use . . . because the batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining mileage" and "[t]he vehicle also cannot be parked inside overnight due to fire risk." (*Id.* ¶ 16.) GM issued a

recall notice for the vehicle in 2021. (*Id.* ¶¶ 18, 27.) Based on these facts, Plaintiff asserts claims under the Song-Beverly Act alongside claims for fraud and fraudulent business practices under California's Unfair Competition Law. (*Id.* ¶¶ 35–120.) GM removed the case, invoking diversity jurisdiction. (Dkt. 1 [hereinafter "NOR"].) Now before the Court are Plaintiff's motion to remand, (Dkt. 18), and GM's motion to dismiss Plaintiff's fraud claims, (Dkt. 12). For the following reasons, Plaintiff's motion to remand is **DENIED** and GM's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.[1]

## II.   MOTION TO REMAND

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus*, 980 F.2d at 566. A defendant's notice of removal need include only "a plausible

---

[1] Having read and considered the papers the parties presented, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 6, 2023, at 1:30 p.m. is hereby vacated and off calendar.

allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554.

In her motion to remand, Plaintiff argues that GM cannot meet its burden to show that the Court has jurisdiction. (Dkt. 18.) She does not argue that GM failed to timely remove, that the parties are not completely diverse, or that there is not $75,000 in controversy. Rather, she contends only that GM has failed to submit sufficient evidence supporting these jurisdictional prerequisites. (*See* Mot.; Dkt. 24 [Reply] at 2.) The Court disagrees.

First, removal was timely. A defendant must remove a civil case within thirty days of receiving the complaint. 28 U.S.C. § 1446(b)(1). The proof of service attached to GM's Notice of Removal shows it was served on July 26, 2023. (NOR, Ex. B at 7). GM removed the case on August 23, 2023. Plaintiff does not argue that GM was served on a different date, and indeed, Plaintiff himself filed the proof of service reflecting the July 26, 2023 service date in state court. "There is no real dispute here that GM filed the Notice of Removal within thirty days of service, and GM has submitted admissible evidence showing that is so." *Jimenez v. Gen. Motors, LLC*, 2023 WL 6795274, at *2–3 (C.D. Cal. Oct. 13, 2023) (denying motion to remand filed by same attorney on same basis).

Second, the parties are diverse. Plaintiff alleges that she resides in Riverside, California, and GM submits Plaintiff's sales agreement, which lists her Riverside, California address. (Compl. ¶ 1; Dkt. 22-2 [Declaration of Peter Strotz, hereinafter "Strotz Decl."], Ex. A.) This is sufficient to show Plaintiff's California citizenship. *See*

*Jimenez*, 2023 WL 6795274, at *3 (explaining that "[c]ourts in this district have held a party may rely on an address listed in a purchase agreement to meet its burden of establishing an individual's citizenship" and collecting cases). GM also submits a declaration from Timothy M. Kuhn, counsel for GM, stating that "GM is a Delaware limited liability company that has its principal place of business in the State of Michigan." (Dkt. 22-3 [Declaration of Timothy M. Kuhn, hereinafter "Kuhn Decl."] ¶ 4.) Mr. Kuhn further states that "GM is 100% owned by General Motors Holdings LLC," which is "a Delaware limited liability company with its principal place of business in Michigan," and that "General Motors Holdings LLC is 100% owned by General Motors Company," which "is a Delaware corporation that has its principal place of business in the state of Michigan." (*Id.* ¶¶ 5–6). This is sufficient to show GM's Delaware and Michigan citizenship.[2] *See Gruber v. Gen. Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (denying motion to remand filed by same attorney on same grounds).

Third, there is more than $75,000 in controversy. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Plaintiff alleges that she "is entitled to replacement of the subject vehicle, or restitution of the amount actually paid or payable under the contract," and that GM's conduct was "willful, justifying an award of a Civil Penalty . . . in an amount not to exceed two . . . times Plaintiff's actual damages." (Compl. ¶¶ 37, 43). The sales agreement reflects that the total cash price of the vehicle was $41,9988. (Strotz Decl., Ex. A at 2.) "Thus, the Song-Beverly Act

---

[2] Plaintiff objects to Mr. Kuhn's statements regarding the citizenship of GM, General Motors Holdings LLC, and General Motors Company as lacking foundation and being conclusory. (Dkt. 24.) These objections are **OVERRULED**. Mr. Kuhn states that as counsel at GM, he "ha[s] been responsible for managing GM's breach of warranty litigation in California since 2018." (Kuhn Decl. ¶ 1.) And he states that the statements in his declaration are "based upon [his] personal knowledge, on matters of which [he is] informed, and documents [he has] reviewed." (*Id.*)

-4-

claims alone place the amount in controversy above $75,000." *Gruber*, 2023 WL 6457136, at *2.

### III.   MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

GM moves to dismiss Plaintiff's fraud claims on the ground that (a) Plaintiff failed to plead fraud with particularity, (b) Plaintiff has not plausibly alleged GM's knowledge of the alleged defect at or before the time of purchase, (c) GM's advertisement of EPA estimates cannot form the basis for a misrepresentation claim, and (d) Plaintiff's fraudulent concealment claims fail because they are barred by the economic loss rule and Plaintiff cannot allege a transactional relationship with GM giving rise to a duty to disclose." (Notice of Mot. at 2.) In response, Plaintiff "respectfully requests leave to file

a First Amended Complaint," stating that she can cure the asserted defects. (Dkt. 21 [Opposition] at 5–6.) The Court will permit Plaintiff to do so.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**. GM's motion to dismiss Plaintiff's fraud claims is **GRANTED WITH LEAVE TO AMEND**. If Plaintiff chooses to file an amended complaint, she must do so by **November 8, 2023**. Failure to timely file an amended complaint will result in dismissal of Plaintiff's fraud claims with prejudice. If Plaintiff chooses not to file an amended complaint, GM shall file an answer to Plaintiff's Complaint by **November 22, 2023**.

DATED:     October 25, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE